IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID C. ELLZEY,           Petitioner, | § § § | |
| v. | § § | Civil Action No. 4:05-CV-0442-A |
| DOUGLAS DRETKE, Director, Texas Department of Criminal Justice, Correctional Institutions Division,           Respondent. | § § § § § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner David C. Ellzey, TDCJ # 1116224, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Gatesville, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

In March 2002, Ellzey was charged by indictment in the Criminal District Court Number

Three of Tarrant County, Texas, with aggravated robbery with a deadly weapon. (Clerk's R. at 3.) On July 17, 2002, a jury found Ellzey guilty of the offense, and the trial court assessed his punishment at forty-five years' imprisonment. (*Id*. at 33.) On April 10, 2003, the Second District Court of Appeals of Texas affirmed the trial court's judgment. *Ellzey v. Texas*, No. 2-02-296-CR, slip op. (Tex. App.–Fort Worth Apr. 10, 2003) (not designated for publication). Ellzey did not file a petition for discretionary review in the Texas Court of Criminal Appeals. (Petition at 3.) Ellzey filed a sate application for writ of habeas corpus raising one or more of the claims asserted herein on January 12, 2004, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on December 8, 2004. *Ex parte Ellzey*, Application No. 59,233-01, at cover. Ellzey filed this federal petition for writ of habeas corpus on July 2, 2005.

### D. ISSUES

Ellzey raises three grounds for relief, in which he claims (1) he was denied his right to effective assistance of trial counsel, (2) the evidence was insufficient to support his conviction, and (3) he is actually innocent of the offense. (Petition at 6-10 & Memorandum in Support at 2.)

### E. STATUTE OF LIMITATIONS

Among other things, Dretke argues that Ellzey's petition should be dismissed with prejudice as time-barred. (Resp't Answer at 2-4.) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking

2

such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.[1] For purposes of this provision, Ellzey's conviction became final upon expiration of the time that he had for filing a petition for discretionary review in the Texas Court of Criminal Appeals on May 10, 2003.[2] *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir.

---

[1]Ellzey makes no allegations that the state imposed an unconstitutional impediment to the filing of his petition for federal relief, that the Supreme Court has announced a new rule(s) applicable to his claims, or that the factual predicate of his claims could not have been discovered sooner through the exercise of due diligence. Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(D) do not apply.

[2]Ellzey contends he believed his conviction became final for purposes of subsection (A) on October 24, 2004, the date the appellate court issued its mandate. (Pet'r Traverse at 1-3.) This argument fails for two reasons. First, the state court records indicate that the appellate court's mandate issued on October 24, 2002. Second, the issuance of the mandate by the state court of
(continued...)

3

2003). Thereafter, the one-year limitations period began to run and closed on May 10, 2004, absent any tolling. Ellzey's state habeas application filed on January 12, 2004, tolled the limitations 331 days, making his petition due on or before April 6, 2005.[3] Thus, Ellzey's petition filed on July 2, 2005, is untimely.

## II. RECOMMENDATION

Ellzey's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 9, 2005. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual

---

[2](...continued)
appeals is of no consequence for purposes of calculating the federal limitations period under subsection (A). *See Roberts*, 319 F.3d at 693-95.

[3]Ellzey does not allege nor do the circumstances of this case warrant equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until December 9, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 18, 2005.

        /s/ Charles Bleil  
CHARLES BLEIL  
UNITED STATES MAGISTRATE JUDGE